ARTHUR SCOTT ET AL., APPELLANTS, v. MAYOR AND ALDERMEN OF JERSEY CITY, APPELLEE.

Submitted July 2, 1909—Decided October 25, 1909.

1. Where land has been sold for taxes under the "Martin act" (*Gen. Stat., p.* 3370), and the notice to redeem has been given by the purchaser to one who by the record is, or appears to be, the owner, in strict compliance with section 5 of the supplement to the original act, approved April 8th, 1892 (*Gen. Stat., p.* 3387), the heirs of such owner, and their successors in title, are bound thereby, and their interest foreclosed, although the person in whose name the title appears to be vested was dead when the required notice was given.

2. The supplement to the act, approved March 16th, 1893 (*Gen. Stat., p.* 3388), only applies where a person who is entitled to notice has not been notified according to law, through inadvertence or mistake, in which case the notice may be given by the purchaser, and upon proof thereof, and also that no redemption has been made, the proper officers may execute and deliver a supplemental deed without a resale. It does not apply where the notice to redeem has been given according to law.

---

On appeal from the First District Court of Jersey City.

Before Justices REED, BERGEN and VOORHEES.

For the appellants, *Tumulty & Cutley.*

For the appellee, *John Milton.*

The opinion of the court was delivered by

BERGEN, J.  At a tax sale made by virtue of "An act concerning the settlement and collection of arrearages of unpaid taxes," &c., passed March 30th, 1886, and the supplements

thereto (*Gen. Stat., p.* 3370), commonly known as the "Martin act," the defendant purchased, and received a deed, dated January 11th, 1898, for certain real estate in Jersey City, and thereafter, by deed dated May 12th, 1898, in consideration of $625, conveyed the premises to the plaintiff by a deed containing full covenants.

The facts are not disputed, and those pertinent to the issue were agreed to by a written stipulation of the parties, from which it appears "That at the time of the sale by the city collector of Jersey City, at which sale the defendant purchased the premises in question, the records of the Hudson county register's office disclosed the fact that Henry Abell was the last known owner. That the record of the conveyance by which the said Henry Abell obtained title to the premises shows that he lived in Yonkers, New York; that a notice to redeem said premises from the tax sale was published and mailed to the said Henry Abell in the manner provided by law; that at the time of such tax sale the said Henry Abell was dead, having died in 1873, in the city of New York, leaving as his only heir-at-law Harriet Augusta Evans, who was alive at the time of the said tax sale; that plaintiff paid two hundred ($200) dollars for a deed from the devisees of Harriet Augusta Evans, vesting in the plaintiff whatever right or title she had to the premises in question at the time of the tax sale in 1898."

The action was brought by the plaintiff in the First District Court of Jersey City to recover damages for an alleged breach of the covenants of seizin, and right to convey contained in the deed to him from the defendant, and the action is sought to be sustained upon the ground that the notice to redeem should have been given to the daughter or her devisees, as actual owners, although the title stood on the record in the name of Henry Abell. There was a judgment for the defendant from which plaintiff appeals.

Section 6 of the act under consideration provides that any person having an estate in any lands sold in pursuance of its fourth section, whose estate appears of record in the county, may, at any time before the expiration of six months, after

notice shall have been given to him of such sale by the purchaser, redeem said lands in the manner provided in said act. If such owner is a non-resident the notice may be served by publishing the same in a newspaper printed and circulated in the city, and depositing a copy of such notice within twenty days after its first publication, enclosed in a wrapper, postpaid, directed to the owner at his last known post-office address, if it can be ascertained, the inquiry for which shall be made upon the lands purchased, if they are occupied, and wherever else in the city the same may be likely to be ascertained, and also by an examination of the record of the deed on account of which such notice is given, "provided, however, that if any estate in any of the said lands shall be held by any heir or devisee of a decedent whose estate appears of record in the county * * * such heir, devisee * * * shall be entitled to redeem, and to have notice aforesaid before the purchaser shall be entitled to the possession of the lands."

Section 5 of a supplement to the act, approved April 8th, 1892 (*Gen. Stat., p.* 3387), provides that where notice is given by publication pursuant to the provisions of the act and its supplements to the person who, by record in said county where the land sold lies, is, or appears to be, the owner or to have an interest therein, and the time for redemption has not yet elapsed, and the purchaser or his agent, or his assignee or his agent, does not know of his own knowledge, and cannot ascertain by inquiry made on said lands whether such person is alive or deceased, and cannot ascertain his address by inquiry made on said lands, such person shall be conclusively presumed to be alive, and a notice published as required, and mailed to the address, if given by the deed, or other recorded instrument, shall, after the time limited for redemption, bar and foreclose from all equity of redemption the title and interest in said lands, not only such person, if he shall have been alive at the time of publication together with all persons claiming under him, but shall also be conclusive against the heirs, devisees and personal representatives of such person or persons, if at the time of such publication such person shall in fact have been dead.

As it is admitted in this case that the notice was mailed to one, who, by the record of the deed in the county where the lands were situate appeared at the time of the sale to be the owner of the lands, and that all of the other requirements of the act were complied with, the heirs and devisees of Abell are, by the terms of the act and its supplements, as effectively bound by the notice as he would have been if alive.

But it is urged that the act of 1892, just referred to, was repealed by a supplement to the "Martin act," approved March 16th, 1893 (*Gen. Stat., p.* 3388), the argument of the appellant being that if the act of 1893 has any validity it must mean that parties whose interest have not been properly foreclosed, or who have not received notice, shall be entitled to come in and redeem. The difficulty with the first part of this proposition is that the interest of the heirs of Abell were properly foreclosed, and the objection to the second proposition is that the heirs of Abell did receive all the notice which the law provided for, but the act of 1893 does not apply to this case. What the act provides for is that where a person who is entitled thereto has not had the notice which the law requires he should have, because of inadvertence, or for some other reason, the purchaser may subsequently correct such error by giving the notice which the law requires, and upon proof thereof, and that no redemption has been tendered or made, the officer, whose duty it is to make a deed under the act, shall execute a supplemental deed without requiring a resale of the lands.

Whether section 2 of the supplement of April 8th, 1892 (*Gen. Stat., p.* 3387), was repealed by the supplement of 1893, it is not necessary to determine, because the question of limitation does not, in my judgment, arise under the circumstances of this case. The city bought the property at a tax sale, and it is assumed from the stipulation that all the notices and other requirements of the act relating to redemption were complied with, and the only question is whether the notice to Abell, he being dead at the time of the sale, foreclosed the right of redemption of his heirs or devisees. I think the statute is very clear on this subject, and that the deed which

the purchaser procured from the devisees of the heir of Abell was unnecessary, because whatever interest they might have had was barred by the notice to redeem given to the person who was the owner of record, and it therefore follows that there was no breach of the covenant in the deed from the defendant to the plaintiff.

The judgment should be affirmed, with costs.